UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN DOOLEY, | Case No. 2:19-CV-2012 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| HARUN HASSEIM THORNES, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff John Dooley's ("plaintiff") motion for entry of default judgment. (ECF No. 22). Defendant Harun Hasseim Thornes ("defendant") filed a response (ECF No. 23), to which plaintiff replied (ECF No. 29).

Also before the court is defendant's motion to dismiss. (ECF No. 24). Plaintiff filed a response (ECF No. 33), to which defendant replied (ECF No. 34).

**I.    Background**

*A. Factual Background*

The instant dispute arises from a motor vehicle collision. (ECF No. 1-2). Plaintiff was driving westbound on Washington Avenue in Las Vegas. (*Id.*) Defendant was traveling southbound exiting a business's driveway before making a wide right turn to travel west on the same street. (*Id.*) The two cars collided as defendant turned, injuring plaintiff and damaging his vehicle. (*Id.*)

*B. Procedural Background*

Plaintiff filed his complaint against defendant and Heartland Express Inc. of Iowa ("Heartland"), defendant's employer, on August 1, 2019 in state court. (*Id.*) On August 14,

**James C. Mahan**
**U.S. District Judge**

2019, the state court issued a summons. (ECF No. 22-1 at 17). On November 8, 2019, plaintiff filed an affidavit of attempted service indicating several failed attempts to personally serve defendant. (*Id.* at 20). Plaintiff then attempted to serve defendant through the Nevada Department of Motor Vehicles ("DMV") pursuant to NRS 14.070. (ECF No. 29 at 3). On November 14, 2019, the DMV issued a letter stating that it had received a copy of the summons and complaint, but plaintiff did not mail a copy to defendant until December 20, 2019. (*Id.*)

On November 20, 2019, Heartland removed this matter to federal court. (ECF No. 1). Plaintiff filed an ex parte application for extension of time to serve in the state court on November 23, 2019, after the removal. (ECF No. 22-1 at 25). On December 6, 2019, this court filed a notice regarding intention to dismiss, requiring plaintiff to file proof of service by January 5, 2020, to comply with Federal Rule of Civil Procedure 4. (ECF No. 8). On December 9, 2019, plaintiff filed a document with this court detailing his previous attempts to serve defendant, a copy of the DMV's November 14 letter, and a state court order purporting to extend the time for service under its jurisdiction to February 29, 2020. (ECF No. 9).

On December 20, 2019, plaintiff mailed a copy of the summons and complaint to defendant using the address the DMV provided on November 14. (ECF No. 33 at 6). On January 15, 2020, plaintiff filed a certificate of mailing of summons and compliant indicating that defendant received the mailed documents on January 10, 2020. (ECF No. 15). Plaintiff then filed the instant motion for entry of default on May 26, 2020. (ECF No. 22). Defendant filed a motion to dismiss in response. (ECF No. 29).

## II. Legal Standard

*A. Default Judgment*

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking

**James C. Mahan
U.S. District Judge**

- 2 -

1  default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P.
2  55(b)(2).

3  The choice whether to enter a default judgment lies within the discretion of the trial court.
4  *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980).  In the determination of whether to grant
5  a default judgment, the trial court should consider the seven factors articulated in *Eitel v.*
6  *McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  These factors are: (1) the possibility of
7  prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the
8  amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether
9  default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *Id.*  In
10 applying these *Eitel* factors, "factual allegations of the complaint, except those relating to the
11 amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th
12 Cir. 1977); *see* Fed. R. Civ. P. 8(d).

13 *B. Motion to Dismiss*

14 "A federal court does not have jurisdiction over a defendant unless the defendant has
15 been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs.,*
16 *Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing,*
17 *Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system
18 of justice, is fundamental to any procedural imposition on a named defendant.").  Where the
19 validity of service is contested, the burden is on the party claiming proper service to establish its
20 validity.  *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D.Cal. 2005) (citing *Grand*
21 *Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F .2d 476, 488 (3d Cir. 1993)).
22 Assuming insufficiency of process or insufficiency of service of process, the Court has discretion
23 to dismiss an action or simply quash service.  *See e.g., SHJ v. Issaquah School District No. 411*,
24 470 F.3d 1248, 1293 (9th Cir. 2006) citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387,
25 1389 (9th Cir.1976) ("the choice between dismissal and quashing service of process is in the
26 district court's discretion.").

27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Discussion

Plaintiff moves for default judgment after defendant failed to file an answer to his complaint. (ECF No. 22). Defendant argues that plaintiff never perfected service under the Federal Rules of Civil Procedure. (*See* ECF No. 23). In the alternative, plaintiff requests additional time to serve defendant pursuant to Federal Rule of Civil Procedure 4 (ECF No. 33), and defendant moves to dismiss for improper service (ECF No. 24).

When a suit is removed to federal court before defendant has notice of the suit, "the federal court cannot 'complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure." *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). This court has yet to issue a federal summons, therefore defendant was not properly served under the federal rules.

On December 6, 2019, this court issued a notice regarding intention to dismiss ordering plaintiff to file a proof of service by January 5, 2020, or face a possible dismissal of the suit. (*See* ECF No. 8). Plaintiff waited two weeks, until December 20, 2019, to mail a copy of the then inoperative state summons to defendant. (*See* ECF No. 33 at 6). Plaintiff did not file any proof of service with thIS court until January 14, 2020. (*See* ECF No. 15)

Plaintiff failed to comply with a court order and did not file notice of service by the prescribed deadline. Rather, he allowed fourteen of the thirty days between the court's notice of intent to dismiss and the January 5, 2020, service deadline to lapse without taking any action to serve defendant. Plaintiff failed to diligently pursue his claims. He argues that because he made a good faith effort to serve defendant by serving the DMV on November 14, 2019, there is good cause for the court to extend the time allowed for federal service. (*See* ECF No. 33). Nevada law states that service by DMV is not complete until plaintiff mails the complaint to defendant and a signed receipt is returned. Nev. Rev. Stat. § 14.070(2). Plaintiff's misunderstanding of the law is not good cause. *See Townsel v. County of Contra Costa*, 820 F.2d 319, 320–21 (9th Cir. 1987) (holding that an attorney's ignorance of a service deadline under Rule 4(j) was not good cause).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Plaintiff also argues that he had good cause for his failure to serve because he received a letter stating that defense counsel represented both defendants in this case. (*See* ECF No. 33). An attorney's statement that he represents a client is not a waiver of service. *See* Fed. R. Civ. Pro 4(d) (providing the process for requesting a waiver of service).

The court denies plaintiff's motion for default judgment.

*B. Defendant's Motion to Dismiss*

Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5). (ECF No. 24).

As the court determined above, defendant was not properly served with any process by the court-ordered deadline, and the time to do so has passed. Even when plaintiff filed notice of service after the January 5, 2020, deadline, he had served defendant with the inoperative state summons rather than with a federal summons. *See Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988); (ECF No 15). This court's notice of intent to dismiss informed plaintiff that this suit could be dismissed pursuant to Rule 4(m) if he failed to file proof of service by the deadline. (*See* ECF No. 8). Plaintiff failed to comply; thus, the court will dismiss the suit.

The statute of limitations has not run on plaintiff's claim. (ECF No. 33 at 8). Plaintiff therefore suffers no prejudice from dismissal of this case. Plaintiff still has the opportunity to refile the suit and diligently pursue service under the applicable federal rules. The court grants defendant's motion to dismiss.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for default judgment (ECF No. 22) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 24) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  IT IS FURTHER ORDERED that plaintiff's claims against defendant (ECF No 1-2) be, and the same hereby are, DISMISSED, without prejudice.

DATED July 27, 2020.

_____
UNITED STATES DISTRICT JUDGE